JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-09394 JGB (AGRx) | Date | February 4, 2014 |
|---|---|---|---|

Title *Inez Rollins, et al. v. Fresenius USA, Inc., et al.*

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:**   Order (1) DENYING Defendants' Ex Parte Application to Stay (Doc. No. 19); (2) GRANTING Plaintiffs' Motion to Remand (Doc. No. 16) and (2) REMANDING the Action to the Superior Court of the State of California, County of Los Angeles (IN CHAMBERS)

Before the Court are Plaintiffs' Motion to Remand (Doc. No. 18) and Defendants' Ex Parte Application to Stay (Doc. No. 19). The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court DENIES the ex parte application to stay and GRANTS the motion to remand.

## I. BACKGROUND

On January 16, 2013, Plaintiffs Inez Rollins and Jesse Rollins ("Platiniffs") filed a Complaint in state court against Defendants Fresenius USA, Inc. ("FUSA"), Fresenius USA Manufacturing, Inc., Fresenius Medical Care Holdings, Inc., Fresenius Medical Care North America, Inc., Fresenius USA Marketing, Inc., Fresenius Medical Clinic ("FMC"), Walter L. Weisman ("Weisman"), and Carl Anderson ("Anderson"). (Compl., Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges twelve claims arising from injuries purportedly caused by GranuFlo and NaturaLyte, products used during dialysis. (Id. ¶¶ 1-3.) According to the Complaint, Plaintiffs are citizens of California, and Defendants are citizens of states other than California, except for FUSA, FMC, Weisman, and Anderson, who are citizens of California. (Id. ¶¶ 4-16.) On March 20, 2013, the state court coordinated this case with three others pertaining to

GranuFlo and NaturaLyte.  (Not. of Removal, Exh. A.)  On November 21, 2013, all Defendants except FMC, Weisman, and Anderson ("Answering Defendants") answered the Complaint.  (Id.)  On November 22, 2013, FMC (a/k/a Kaweah Delta Medical Center) and Anderson filed a demurrer in state court claiming Plaintiffs failed to comply with the presentation requirement of the California Tort Claims Act.  (Id. ¶¶ 30, 36.)

Answering Defendants removed the action to this Court on December 20, 2013 on the basis of diversity jurisdiction.  (Not. of Removal.)  Answering Defendants claim that FUSA is solely a citizen of Massachusetts, and FMC, Weisman, and Anderson are fraudulently joined, making removal proper.  (Id. ¶¶ 13, 20, 28, 32.)  Further, they contend that FMC is actually Kaweah Delta Medical Center ("Kaweah"), a public entity unaffiliated with Fresenius, and Anderson is a member of the Board of Directors of Kaweah and is also unaffiliated with Fresenius.  (Id. ¶ 29-30, 34.)

On March 29, 3013, the Judicial Panel on Multidistrict Litigation ("JMPL") created a multidistrict litigation proceeding in the United States District Court for the District of Massachusetts for cases concerning GranuFlo and/or NaturaLyte.  In re Fresenius/NaturaLyte Dialysate Prods. Liab. Litig., No. 1:13-md-02428-DPW (D. Mass 2013) [hereinafter, "MDL"].  To date, over 400 cases have been transferred to the MDL.  On December 31, 2013, this case was conditionally transferred to the MDL.  (MDL, Doc. No. 435.)  Plaintiffs opposed the conditional transfer on January 6, 2014.  (MDL, Doc. No. 453.)

On January 6, 2014, Plaintiffs filed a motion to remand the action to state court.  ("Motion," Doc. No. 18.)  Answering Defendants opposed on January 13, 2014.  ("Opp'n," Doc. No. 22.)[1]  On January 7, 2014, Defendants filed an ex parte application to stay the case pending the JMPL's decision regarding transfer of this action to the MDL.  ("Ex Parte," Doc. No. 19.)  Plaintiff opposed the Ex Parte on January 8, 2014.  ("EP Opp'n," Doc. No. 20.)  Defendants replied on January 8, 2014.  ("EP Reply," Doc. No. 21.)

---

[1] Instead of replying to the motion, Plaintiffs filed a "Notice of Motion to File Supplemental Authority" on January 22, 2014.  (Doc. No. 23.)  On January 31, 2014, Answering Defendants filed an ex parte application to strike Plaintiffs' motion to file supplemental authority.  (Doc. No. 25.)  The Court finds that Plaintiffs' motion is improper and GRANTS Answering Defendants' ex parte application to strike.  In deciding the pending motions, the Court does not consider any arguments or evidence contained in the motion to file supplemental authority.

## II.  LEGAL STANDARD[2]

### A.  Stay

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).  District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

### B.  Remand

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.  Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citations omitted).

An exception to the requirement of complete diversity exists where a defendant has been fraudulently joined to defeat diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Where joinder is deemed fraudulent, the defendant's presence is ignored for the purposes of determining diversity. Morris, 236 F.3d at 1067.  The claim of fraudulent joinder must be supported by "clear and convincing evidence." Hamilton Materials, Inc., 494 F.3d at 1206. The party seeking removal bears a heavy burden in proving that joinder of the in-state defendant is improper. Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

### III. DISCUSSION

#### A. Stay

Answering Defendants request that the Court stay this action, arguing that in numerous related cases courts have stayed or continued the remand hearing pending a decision by the JMPL regarding transfer to the MDL. (Ex Parte at 3.) See Nunez v. Fresenius USA, Inc., et al., Case No. 13-cv-02729 JGB (OPx) (C.D. Cal. 2013), Casian v. Fresenius USA, Inc., et al., Case No. 13-cv-04079 JGB (OPx) (C.D. Cal. 2013), Tate v. Fresenius USA, Inc. et al., 2:13-cv-05271 JGB (OPx) (C.D. Cal. 2013), Jennings et al. v. Fresenius USA, Inc. et al., Case No. 3:13-cv-03795-WHO (N.D. Cal. 2013), Rasing et al. v. Fresenius USA, Inc. et al., Case No. 3:13-cv-023121-DMS-BLM (S.D. Cal. 2013). However, as Answering Defendants admit, these cases do not involve Anderson or FMC, and therefore do not pose all the same jurisdictional questions. (Ex Parte at 5.) Moreover, Answering Defendants do not suggest that these related cases involved questions regarding the timeliness of removal, which is an issue here. Finally, and most importantly, Answering Defendants admit that issues regarding fraudulent joinder of FMC and/or Anderson have not been brought before the MDL; thus, the MDL does not have occasion to decide these questions. (Ex Parte at 7.) Accordingly, a stay is inappropriate here where this case does not involve duplication of work, and there is no possibility of inconsistent rulings on issues not raised before the MDL. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997). Cf. Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (staying action because remand motion "raises issues likely to arise in other actions pending the in the MDL transferee court").

The Court therefore addresses the issue of the timeliness of removal based on the fraudulent joinder of FMC, Anderson, and Weisman, which has not been raised before the MDL, nor been addressed in any of the related cases. The Ex Parte Application is DENIED.

#### B. Remand

Answering Defendants removed this action eleven months after filing. Plaintiffs argue that removal was untimely. The timeliness of removal is governed by 28 U.S.C. § 1446(b), which states:

> [28 U.S.C. § 1446(b)(1)] The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> [. . . ]
>
> [28 U.S.C. § 1446(b)(3)] [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Recently, the Ninth Circuit in Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121 (9th Cir. 2013), held that "a defendant [may] remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Id. at 1125.

Answering Defendants rely on Roth to argue that neither Section 1446(b)(1) nor 1446(b)(3) apply to this action because neither the Complaint, nor any "other paper" prior to the demurrers by Kaweah and Anderson put Defendants on notice that this case was removable. (Opp'n at 7-8.)  Thus, Answering Defendants argue that they had "not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) [and a party] may remove to federal court when it discovers . . . that a case is removable." Roth, 720 F.3d at 1123.

In Roth, defendants sought to remove on the basis of CAFA jurisdiction. Id. Here, however, Answering Defendants contend removal is proper on the basis of diversity jurisdiction due to the fraudulent joinder of three Defendants – FMC, Anderson, and Weisman. (Not. of Removal; Opp'n at 9 ("This is a fraudulent-joinder removal . . . .").) "Roth did not concern the unique legal construct of fraudulent joinder." Verduzco v. Ford Motor Co., 1:13-CV-01437-LJO-BA, 2013 WL 6053833, at *2 (E.D. Cal. Nov. 15, 2013). "[F]raudulent joinder removals are governed by the 30–day time limit in the first paragraph [§ 1446(b)(1)] because cases involving fraudulent joinder do not 'become removable,' but rather, are 'initially removable.'" Id. at *1 (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313-16 (9th Cir. 1998)). See also Selman v. Pfizer, Inc., 11-CV-1400-HU, 2011 WL 6655354, at *4 (D. Or. Dec. 16, 2011) ("Removal based on allegations of fraudulent joinder, Ritchey suggests, should be analyzed under the first paragraph of § 1446(b) because the removing defendant is effectively arguing that—but for the fraudulent joinder—there would have been complete diversity at the time the complaint was originally filed."). Accordingly, Answering Defendants, who rely on the fraudulent joinder of FMC, Anderson, and Weisman, should have removed within 30 days of service of the Complaint.

In Ritchey, the court noted that "[f]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Ritchey, 139 F.3d at1318 (citation and quotation omitted). Answering Defendants claim that the Complaint fails to state a cause of action against FMC (Kaweah) or its board member, Anderson, because "Plaintiffs have failed to comply with the provisions of the Governmental Tort Claims Act applicable to public entities" and failed to "allege facts demonstrating or excusing compliance with the claim presentation requirements of the Act." (Not. of Removal ¶¶ 30, 36.) Answering Defendants contend Weisman is fraudulently joined because "Plaintiffs have failed to allege sufficient facts to state a cause of action against Mr. Weisman," and the "Complaint contains no factual allegations that could support the legal conclusion that Mr. Weisman owed a duty to Plaintiffs or the Decedent." (Id. ¶¶ 22-23.)

As to Weisman, it is indisputable that Answering Defendants were able to determine that the allegations against Weisman were insufficient when they were served with the Complaint,

and thus they should have removed within 30 days thereafter.  See Graybill-Bundgard v. Standard Ins. Co., 793 F. Supp. 2d 1117, 1120 (N.D. Cal. 2011) ("Defendant was able to determine that the Commissioner was fraudulently joined when it was served with the complaint on October 28, 2010. Therefore, under 28 U.S.C. § 1446(b), it was required to remove within thirty days of service."); Kohan Prods. Ltd. v. Comerica Bank, CV 10-0034 PSG(AJWX), 2010 WL 956402, at *3 (C.D. Cal. Mar. 11, 2010) ("Defendants would have known that the case was removable upon service of the initial Complaint without having to conduct an investigation.").[3] However, as to FMC and Anderson, Answering Defendants claim that they were unaware of the fraudulent joinder of these parties until they filed demurrers on November 20, 2013, asserting immunity as public entities that were not previously presented with Plaintiffs' claims.  (Opp'n at 9.)  Based on these facts, Answering Defendants contend they were under no duty to remove until they were presented with sufficient facts indicating the presence of diversity jurisdiction, even if those facts arose after 30 days following service.  Answering Defendants "ha[ve] not presented, and the Court has been unable to locate, any Ninth Circuit precedent that supports application of anything other than the first paragraph of 1446(b) to a fraudulent joinder case," even where "a diverse defendant [] claims it was not able to ascertain that a nondiverse defendant was fraudulently joined until . . . more than thirty days after the diverse defendant was initially served."  Verduzco, 2013 WL 6053833, at *3.  Thus, there is no support for the claim that removal on the basis of fraudulent joinder is possible outside of the initial 30-day limit imposed by § 1446(b)(1).

Nonetheless, assuming that Answering Defendants may seek fraudulent joinder removal outside of the initial 30-day period, the Court finds that Answering Defendants have violated the time limit imposed by the second 30-day period pursuant to § 1446(b)(3).  Section 1446(b)(3) requires removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  As succinctly stated by the Ninth Circuit, "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006).

On October 8, 2013, Answering Defendants received an email from counsel for Anderson and FMC (Kaweah) providing sufficient facts to conclude that they were fraudulently joined.  Specifically, the email stated that Anderson and FMC (Kaweah) "are a public entity and a public employee" and "[n]o claim was ever presented before the complaint was filed." (Declaration f Lowell W. Finson, Doc. No. 18-1, Exh. B.)  The email went on to state that FMC and Anderson intended to file a demurer on this basis.  (Id.)  Once Answering Defendants discovered that FMC and Anderson were a public entity and public employee, respectively, and Plaintiffs had not alleged presentment, Answering Defendants were on notice of sufficient facts to remove on the

---

[3] Even if Answering Defendants argued they required evidence outside the Complaint to establish fraudulent joinder of Weisman, Answering Defendants possessed the external evidence, namely Weisman's declaration, at least as of June 2013 when it was filed in Nunez v. Fresenius USA, Inc., et al., Case No. 13-cv-02729 JGB (OPx) (C.D. Cal. 2013) (Doc. No. 26-1), over six months before removal in this action.

basis that FMC and Anderson were fraudulently joined. This conclusion is evidenced by the fact that the information provided in the October 8, 2013 email mirrors the Answering Defendants fraudulent joinder arguments presented in their notice of removal.[4] (Not. of Removal ¶¶ 30, 36.) The Court finds that the October 8, 2013 email constituted an "other paper" from which Answering Defendants first ascertained that the case was removable. 28 U.S.C. § 1446(b)(3). See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 691, 696 (9th Cir. 2005) (finding that a letter from plaintiff's counsel which indicated an abandonment of specific claims constituted an "other paper" which made the case removable); In re Citizens Auto. Fin., C 10-05345 JSW, 2011 WL 724778, at *5 (N.D. Cal. Feb. 22, 2011) (holding that an "objectively reasonable inference to be drawn from this email is that Plaintiffs were confirming that the amount in controversy could exceed CAFA's jurisdictional minimum" and finding that "the October 28, 2010 email qualifies as 'other paper'"); Avans v. Foster Wheeler Const. Co., 1:10-CV-00922 LJO, 2010 WL 3153972, at *7 (E.D. Cal. Aug. 6, 2010) ("[T]he Court finds that the e-mail correspondence between counsel on April 23, 2010 was an 'other paper' from which Foster Wheeler ascertained the removability of the underlying litigation."). The October 8, 2013 email triggered the 30-day period under Section 1446(b)(3), requiring the Answering Defendants to file the Notice of Removal by November 7, 2013. However, Answering Defendants did not remove until December 20, 2013 and thus removal was untimely.

In sum, Answering Defendants removal was untimely under either the first 30-day period under Section 1446(b)(1), which applies to all cases seeking removal on the basis of fraudulent joinder, or the second 30-day period under Section 1446(b)(3), assuming that additional facts to ascertain removal were necessary and uncovered by Answering Defendants outside of the initial 30-day period. The Court therefore GRANTS Plaintiffs' motion to remand the action to state court.

### C.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' ex parte application to stay the action pending decision from the JMPL and GRANTS Plaintiffs' motion to remand. The Court REMANDS this action to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

---

[4] Answering Defendants only argument in response is that the October 8, 2013 email "fail[s] to say anything about Carl Anderson's position as a board member rather than a medical director." (Opp'n at 8.) Answering Defendants do not explain why this omission is material. In either scenario, Anderson was a public employee and allegedly subject to the same defense as his employer. These facts are sufficient for Answering Defendants to ascertain removability.